## ELIJAH D. GREEN *vs.* TIMOTHY DARLING.

Where the residence of the holder of a bill and of the party to be notified is in the same town, it is not sufficient to put a notice into the post-office ; personal notice must be given, or the notice must be left at his residence or place of business.

Where the parties reside in the same town, notice of the dishonor of a bill on the nineteenth day after receiving information thereof is too late.

THIS was an action against *Darling*, as the drawer of two bills of exchange, drawn by him at *Calais, November* 28, 1835, on *Jeremiah Jackson*, of the city of *New-York*, and by him accepted,

payable in *three* months from date, to the order of the plaintiff. The same objections to proof of demand and notice were made, as in *Green* v. *Jackson, ante, p.* 136. The note was presented to the acceptor, in the city of *New-York,* and payment refused by him, on the third day of *March,* 1836. The mail from the city of *New-York* then reached *Calais* in about eight days. The plaintiff proved, that on *Saturday* evening, *March* 12, 1836, he received from *New-York* notice that these bills had been protested for non-payment by the acceptor, and in the afternoon of *Monday, March* 14, put a notice in the post-office at *Calais,* directed to *Timothy Darling, Calais.* The dates of the bills were given in the notice, but not the amounts. A notice of the dishonor of the bills by the acceptor, was left at the house of the defendant's father in *Calais,* on the first day of *April,* 1836. The defendant was born at *Calais,* and did not appear to have had any regular place of abode other than that ; but had been engaged in speculation, and had frequently been absent, and was not in town when the notice was put in the post-office. The plaintiff resided at *Calais* at the time the notice was put in the post-office, and but a few rods from the house of the father of the defendant, with whom he resided when in *Calais ;* and the defendant's residence could easily have been ascertained by inquiry. The counsel for the defendant, among other objections, contended, that the defendant had not had legal notice of the non-payment of the bills. EMERY J. instructed the jury to return a verdict for the plaintiff, which was to be set aside, if the Judge erred in the instruction given.

*J. Granger,* for the defendant.

The parties living in the same town, the notice should have been personal, or left at the defendant's dwellinghouse, or place of business. *Hartford Bank* v. *Stedman,* 3 *Conn. R.* 489 ; *Ireland* v. *Kip,* 10 *Johns. R.* 490 ; *same case,* 11 *Johns. R.* 231. The notice left at the dwellinghouse, *April* 1, was not in season. *Bayley on Bills,* 175 ; *Harrison's Dig.* 501.

*T. J. D. Fuller,* for plaintiff, contended, that the testimony of the several witnesses, set forth at length in the report, showed that the plaintiff had used due diligence to give notice to the defendant

of the non-payment of the bills.    He cited 2 *Pick.* 413 ;  1 *Johns. R.* 274 ;  2 *Stark. Ev.* 257 ;  11 *Wheat.* 431 ;  9 *Wheat.* 598.

After a continuance, for advisement, the opinion of the Court was drawn up by

WESTON C. J. — The liability of a drawer to the holder of a bill is conditional, depending on due presentment for acceptance or for payment, and upon due diligence to give him notice, if the bill is dishonored.    The affirmative is on the holder, to prove these facts, before the drawer can be charged.    The defendant, though temporarily absent, had his residence in the same town, and in the same village, with the plaintiff.    This fact could hardly have been unknown to the latter, who had lived there for more than a year. But if not known to him, the evidence is, that it might have been at once ascertained upon inquiry.    Where the residence of the holder, and of the party to be notified, is in the same town, he should receive notice in person, or it should be left at his residence or place of business.    It cannot be given through the post-office, unless he lives in a different town.    *Ireland* v. *Kip*, 10 *Johns.* 490 ; *same case*, 11 *Johns.* 372.    The same rule was recognized in the *New-England Bank* v. *Lewis & al.* 2 *Pick.* 125.

Notice should have been left at the house of the defendant's father, which was his usual residence in *Calais.*    This was not seasonably done ; and upon this ground, there is a failure of proof on the part of the plaintiff.    The notice left at the defendant's residence on the first of *April,* was clearly too late.    Upon the evidence reported, the liability of the defendant is not, in our opinion, legally made out.    The verdict for the plaintiff is therefore set aside.

*New trial granted.*